IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02536-GPG

NORMAN MICHAEL SIMPSON,

    Applicant,

v.

RANDY LIND, Warden of AVCF,
RICK RAEMISCH, Executive Director of CDOC,
BRANDEN SHAFFER, Chairman of Colorado Parole Board,
MARY CARLSON, CDOC Time Computation Manager,
CYNTHIA HOFFMAN, Colorado Attorney General,

    Respondents.

## ORDER OF DISMISSAL

Applicant Norman Michael Simpson is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Applicant was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On November 19, 2015, Magistrate Judge Gallagher directed Respondents to file a Preliminary Response to the Application that addresses the affirmative defenses of timeliness and exhaustion of state court remedies.

On December 10, 2015, Respondents filed a Preliminary Response, ECF No. 9. Applicant submitted a Response (Reply) and an Objection to Magistrate Judge Gallagher's February 4, 2016 Minute Order, ECF No. 15, on February 19, 2016. In the

Response and Objection, Applicant asks that this case be transferred to a district judge for consideration and argues that he does not need to exhaust his motion to correct an illegal sentence, because the district court granted his request to correct an illegal sentence. ECF No. 15 at 1. Applicant further argues that he is not required to exhaust his mandamus petition. *Id.* at 2. Applicant also asks for an extension of time to file a "Completed Reply" and that a district judge address all "past and present motions." *Id.* at 1.

Based on the following, the Court will deny Applicant's Objection to Magistrate Judge Gallagher's February 4, 2016 Minute Order, dismiss this action for failure to exhaust state court remedies, and deny the February 19, 2016 Motion for Extension to File a Completed Reply as moot.

First, the Court will address Applicant's Objection to Magistrate Judge Gallagher's January 8 and February 4, 2016 Minute Orders. Rather than deny or confirm Respondents' affirmative defense arguments, Applicant filed two motions for extensions of time to reply to the Preliminary Response, one on January 7, 2016, and the other on February 3, 2016. Applicant contended he needed additional time to access the prison law library to conduct research, because he had been on lock down, and to obtain documentation from the sentencing court. Magistrate Judge Gallagher denied both motions because Respondents provided all the information Applicant needed to address whether he had an appeal pending in state court regarding the claims at issue; and Applicant did not assert he had been denied access or the ability to review the Preliminary Response.

Under § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.   Based on the reasons Magistrate Judge Gallagher gave in the January 8 and February 4, 2016 minute orders for denying or limiting the extension of time Applicant had to reply to the Preliminary Response, the denial or limitation was proper.   Applicant's Objection, therefore, will be overruled.

Second, the Court will address Respondents' exhaustion affirmative defense.

The Court must construe the Application liberally because Applicant is a *pro se* litigant.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as a *pro se* litigant's advocate.   See *Hall*, 935 F.2d at 1110.

Applicant asserts that on August 22, 2000, he was convicted of two class three felonies in El Paso County, Colorado, in Case No. 2000CR230 and was sentenced to two concurrent sixteen-year sentences with a five-year mandatory parole.   Application, ECF No. 1 at 2.   On January 17, 2013, while Applicant was serving his sixteen-year sentence he was convicted of a class four felony in El Paso County, Colorado, in Case No. 2011CR2711 and was sentenced to four years of incarceration with three years of a mandatory parole.   *Id.*   Applicant contends that the sentence in Case No. 2011CR2711 was imposed as running concurrent with the previous sixteen-year sentence.   *Id.*

Applicant further asserts that he was released on June 2, 2013, but was reincarcerated on June 18, 2013, and had his parole revoked on August 7, 2013 for the remainder of the five-year term.   *Id.*   Applicant contends that Respondents have miscalculated and misapplied his presentence confinement credit to the class four felony

sentence, which has resulted in an erroneous determination that the class four sentence is not the longer maximum governing sentence controlling his incarceration and parole status. *Id.* at 2-3. Applicant also asserts he filed a motion to correct illegal sentence pursuant to Crim. P. 35(a) on August 12, 2015, in the El Paso County, Colorado, District Court that was granted on or about September 3, 2015. *Id.* at 3. Applicant contends that the State court amended the sentence by "changing the 'illegal NPT 8/2/2011' sentencing date to the correct 'NPT 1-17-13' sentencing date and added the annotation to the judgment: 'credit for the time served 204 days';" but the DOC has failed to properly apply the sentencing provisions and recalculate the sentence in accordance with the applicable laws and amended NPT 1-17-13 sentencing date. *Id.* at 4.

Respondents argue that prior to Applicant filing the Rule 35(a) postconviction motion in El Paso County Court, in which he raised the same claims he asserts in this action, he filed an appeal, Case No. 2015CA1219, to the Colorado Court of Appeals (CCA). ECF No. 9 at 4. The appeal, which Respondents contend is pending, seeks review of the El Paso County District Court's prior denial of a previous Rule 35(a) motion Applicant filed in Case No. 2011CR2711. *Id.* Respondents further contend that the CCA issued a show cause order on December 2, 2015, directing Applicant to respond and state why the El Paso District Court's September 2015 order granting his second Rule 35(a) motion should not be stricken. *See* ECF No. 9 at 4 and 9-2. The CCA's order suggests the El Paso District Court may not have had jurisdiction to enter the September 2015 order because of the appeal. ECF No. 9 at 4-5.

Furthermore, Respondents assert that on July 16, 2015, Applicant filed a petition for writ of mandamus pursuant to Colo. R. Civ. P. 106(a)(2) in the Crowley County District

Court in Case No. 2015CV20 raising the same issues.  *Id.* at 5-6.  According to Respondents as of December 10, 2015, the date they filed the Preliminary Response, the Rule 106(a)(2) petition remained pending.  *Id.* at 6.

In his February 19, 2016 Reply, Applicant asserts that he filed a motion to dismiss the appeal in Case No. 2015CA1219, which the CCA did on January 27, 2016, without having received a response from the State.  *See* ECF No. 15 at 4.  The Court notes that Applicant's motion to dismiss was filed on December 15, 2015, after Respondents submitted the Preliminary Response in this Court on December 10, 2015, and identified the pending appeal in support of their exhaustion affirmative defense.  Nonetheless, the CCA dismissed the appeal regarding the denial of the previous Rule 35(a) postconviction motion and the State did not object to the dismissal of the appeal, leaving only the El Paso County Court finding that Applicant's sentence should be amended, which the State did not appeal.  The Court, therefore finds that the only concern remaining at issue, with respect to the exhaustion affirmative defense, is Applicant's claim that the DOC has received the state court's amended judgment, dated September 17, 2015, but has failed to properly apply the sentencing provisions and recalculate his sentence in accordance with the amended judgment.

A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies.  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).  Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts."  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  This requirement "is satisfied if

the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.' " *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Applicant contends the state court mandamus action has been dismissed, but he needs additional time to access the prison facility law library to obtain a copy of the order dismissing the case to submit to this Court. ECF No. 15 at 2. Applicant further contends that "he is not required to exhaust his state mandamus action before seeking

6

habeas corpus immediate release in this Court." *Id.* Applicant argues that mandamus relief would only direct Respondents to properly apply his presentence confinement credits and would not direct an immediate release. *Id.* Applicant next states he plans to appeal the denial of his mandamus, but he argues that an appeal in state court would take up to nine to twelve months, or longer, which is almost equivalent to the release date that is based on the incorrect sentencing. *Id.* Applicant bases the release date on his accumulated earned time. *Id.* Finally, Applicant argues that Respondents presented "false evidence" to this Court because they did not present to the Court the amended petition for a writ of mandamus that he filed on or about November 3, 2015. *Id.* Applicant also concedes that he had filed a previous "state mandamus claim," but the November 3 petition "completely" amended the previous mandamus claim and rendered the previous mandamus claim "a nullity as a matter of law."

Under Colorado law, Applicant has an available state court remedy in the nature of a mandamus proceeding. *See e.g., Outler v. Norton*, 934 P.2d 922 (Colo. App. 1997) (mandamus action under Colo. R. Civ. P. 1016(a)(2) used to challenge calculation of sentence was appealed and decided by the CCA), *overruled on other grounds by Meredith v. Zavaras*, 954 P.2d 597 (Colo. 1998); *see also People v. Dixon*, 133 P.3d 1176, 1177 (Colo. 2006) (recognizing that Colo. App. R. 21 provides an appropriate procedural mechanism, absent any other adequate remedy, to mandate compliance by the department of corrections with trial court sentencing orders); *People v. Ostuni*, 58 P.3d 531, 533 (Colo. 2002) (same).

When Applicant initiated this action on November 17, 2016, his Rule 106(a)(2) mandamus petition was pending in state court. *See* Case No. 2015cv20, Crowley

County Reg. of Action, http://www.jbits.courts.state.co.us/pas/pubaccess/user/govdata. The Court may take judicial notice of the contents of the Crowley County Register of Actions website in Case No. 2015cv20.   *See Triplet v. Franklin*, No. 06-6247, 365 F. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010) (unpublished) (taking judicial notice of Oklahoma Department of Corrections' website); *see also N.M. ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n. 22 (10th Cir. 2009) (taking judicial notice of information on "[t]he websites of two federal agencies")   Applicant, therefore, had not exhausted his state court remedies regarding the execution of his sentence in Case No. 2011CR2711 before initiating this action.

Furthermore, Applicant concedes that he does have the ability to appeal any denial of the Rule 106(a)(2), which is confirmed in *Outler*, but argues he should be allowed to proceed in this Court with this action because he will continue to be illegally confined and will not complete the appeal process until close to the time of his release. According to the Register of Actions, Applicant's Rule 106(a)(2) petition was dismissed on January 14, 2016.   Case No. 2015cv20, Crowley County Reg. of Action at 3. Applicant's argument that it will take him an additional nine to twelve months to appeal to the CCA and to the Colorado Supreme Court is highly speculative and does not provide a basis for this Court to waive the exhaustion of state court remedies requirement.

Furthermore, in Colorado, good and earned time credits do not count as service of an inmate's sentence, *see Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo.1999), but instead function only to establish parole eligibility, *see Jones v. Martinez*, 799 P.2d 385, 387–88 and n.5 (Colo.1990) (collecting cases). *Cf. Thiret v. Kautzky*, 792 P.2d 801, 805–07 (Colo.1990) (recognizing an exception for inmates sentenced to a crime committed

after July 1, 1979, but before July 1, 1985, who are normally entitled to mandatory, not discretionary, parole (except for sex offenders)).   Therefore, even if Applicant was awarded all of the earned time credits to which he claims an entitlement, he would not be assured immediate or speedier release.   See *Kailey v. Price*, 97 F. App'x. 835, 836-37 (10th Cir. 2012) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir.2005) ("[H]abeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original omitted); see also *Frazier v. Jackson*, No. 09–1429, 385 F. App'x. 808, 810–11 (10th Cir. 2010) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement.").   Applicant's argument that he will be released in fourteen months, therefore, is speculative.

Applicant's other arguments that (1) his amended mandamus petition, filed on November 6, 2015, is completely different that the original petition he filed in Case No. 2015cv20; and (2) relief in the mandamus action would only result in an order directing Respondents to apply the presentence credits and not direct release from incarceration do not provide a basis for waiving the exhaustion requirement.   Applicant still is required to exhaust his execution of sentence claims in state court as provided for under *Outler.* The Court, therefore, will dismiss this action for failure to exhaust state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a

motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that Applicant's Objection, ECF No. 15, is overruled.   It is

FURTHER ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before pursuing a federal habeas corpus action.   It is

FURTHER ORDERED that Applicant's Motion for Extension of Time, ECF No. 15, is denied as moot.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED February 24, 2016, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court